# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

---------------------- X
 :
Plumbers' Local Union No. 690 :
Health Plan, on behalf of itself, and :
Delaware Valley Health Care : Civil Action No. 15-0956 (KM)
Coalition, :
 :
    *Plaintiffs,* :
 :
v. :
 :
Sanofi, S.A., *et al.*, :
 :
    *Defendants*. :
 :
---------------------- X

## DEFENDANT DELOITTE LLP'S
## BRIEF IN SUPPORT OF MOTION TO DISMISS
## PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Sean Hecker, Esq. (*pro hac vice*)      Mark A. Berman, Esq.
David Sarratt, Esq. (*pro hac vice*)     **HARTMANN DOHERTY ROSA**
**DEBEVOISE & PLIMPTON LLP**     **BERMAN & BULBULIA, LLC**
919 Third Avenue     65 Route 4 East
New York, NY     River Edge, NJ 07661
(212) 909-6000     (201) 441-9056
shecker@debevoise.com     mberman@hdrbb.com
dsarratt@debevoise.com

*Attorneys for Defendant*
*Deloitte LLP*

## **PRELIMINARY STATEMENT**

In an Opinion and Order issued May 11, 2016, this Court dismissed Plaintiffs' claims against Deloitte LLP ("Deloitte"), finding that the First Amended Complaint (the "FAC") failed to allege "essential details that would tie [Deloitte] to the alleged kickback scheme," or "any facts suggesting that this scheme . . . had any effect upon [Plaintiffs]." Opinion, ECF No. 89 (May 11, 2016) at 23. Plaintiffs have now filed a Second Amended Complaint (the "SAC") that does not allege any new facts regarding Deloitte's conduct. Indeed, a comparison of the SAC against the FAC (attached as Exhibit A to the Certification of Mark A. Berman, Esq.) shows that Plaintiffs completely failed to address the deficiencies this Court painstakingly identified in its Opinion. Therefore, the SAC suffers from all of the same deficiencies as the FAC, which this Court already held cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Having been afforded by the Court a second opportunity to amend its complaint to state a cause of action, and Plaintiffs having failed to do so, it is fair to say enough is enough. Plaintiffs' claims against Deloitte should now be dismissed with prejudice.

# ARGUMENT

## The Second Amended Complaint Should Be Dismissed With Prejudice.

On May 11, 2016, this Court granted Deloitte's motion to dismiss all claims against it, holding that Plaintiff's FAC failed to state a claim for relief under the New Jersey Consumer Fraud Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law. Opinion at 23. Specifically, the Court concluded that:

- Plaintiffs' allegations of diabetes medications being switched lacked "essential details that would tie [Deloitte and Accenture] to the kickback scheme." *Id.*

- Plaintiffs did not specify the involvement of any pharmacy or factually allege "that any such pharmacy dealt with Accenture or Deloitte" or "that any such pharmacy served Local 690's New Jersey and Pennsylvania members." *Id.*

- Plaintiffs did "not allege that either drug switch was made by a pharmacy at all." Thus, "a doctor, or the patient could just as easily have been the decision maker." *Id.*

- Plaintiffs did not "plead any facts suggesting that [the alleged kickback] scheme, however nefarious, had any effect upon itself or its members." *Id.*

- Plaintiffs' examples of beneficiaries whose diabetes medications were switched dated from 2009 and 2011, "well before the 2012-13 time period of the alleged kickback contracts." *Id.*

- Plaintiffs copied allegations made in a separate suit by Diane Ponte, a former paralegal for Sanofi, but did not acknowledge that her allegations were based "on information and belief." *Id.* at 22 n. 8.

- Yet elsewhere, Plaintiffs pleaded allegations "upon information and belief, even though they related to Local 690's own beneficiaries." *Id.* at 23.

2

Given these defects, as the Court summed them up, "[w]hat remains is a portmanteau allegation that some twelve contracts, contents unknown, broke a number of rules and laws and constituted improper kickbacks to induce Accenture and Deloitte to perform acts that may or may not have occurred, and may or may not have affected Local 690 and its members." *Id*. This, the Court held, was insufficient to state a cause of action against Deloitte.

In filing the SAC, Plaintiffs have entirely failed to cure these deficiencies as to Deloitte. Indeed, Plaintiffs appear to have ignored the Court's decision in its entirety in this regard. A comparison of the FAC and SAC reveals that Plaintiffs simply re-filed the same deficient allegations, without adding even a single new substantive factual allegation relevant to Deloitte. *See* Certification of Mark A. Berman, Esq., (attaching redline comparing the SAC against the FAC). This comparison speaks for itself. The only change with respect to Deloitte is the allegation that it conducts business throughout the country, Defs.' Second Amended Complaint ¶ 35, which does not begin to address the flaws identified by the Court in its decision dismissing the FAC. The allegations related to Deloitte in both pleadings are otherwise substantively identical. Compare FAC ¶¶ 140-73, 181, 201, 279 to SAC ¶¶ 139, 144, 212-45, 362.

Given Plaintiffs' failure to address the fatal deficiencies the Court identified, after having been afforded a reasonable opportunity to do so, Plaintiffs' claims

3

against Deloitte should now be dismissed with prejudice, as has been the practice of courts in this Circuit. *See e.g., Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F. 3d 140, 144-45 (3d Cir. 2002)(affirming district court's decision denying leave to amend where plaintiff was on notice as to the deficiencies in his complaint, but failed to resolve them); *Long v. Borough of Downingtown*, No. 13-3921, 2014 U.S. Dist. LEXIS 70936, at *1, 9-10 (E.D. Pa. May 23, 2014)(dismissing with prejudice where plaintiff filed an amended complaint that "made no attempt to address the deficiencies [the court] previously identified as claims dismissed without prejudice"); *Trout v. Wentz*, No. 10-0439, 2011 U.S. Dist. LEXIS 51871, at *1, 6 (M.D. Pa. May 16, 2011)("Because plaintiffs have filed a proposed amended complaint virtually identical to the original – and have therefore not cured the defects [previously identified by the court] – their motion for leave to amend will be denied on the basis of futility and the case will be dismissed."); *Cromwell v. Manfredi*, No. 08-1048, 2010 U.S. Dist. LEXIS 103455, *1,18 (W.D. Pa. Sept. 7, 2010) ("[G]iven that Plaintiff has already amended his complaint with full knowledge of the defects that he had to surmount and because he failed to do so, the dismissal of the complaint should be with prejudice because it is clear that further amendment would be futile."), *adopted by* 2010 U.S. Dist. LEXIS 103453, *1 (W.D. Pa., Sept. 30, 2010).

5

Granting Plaintiffs yet another opportunity to amend here as to Deloitte would be futile, as well as wasteful of the Court's and the parties' resources. *See Heath v. Lewis*, No. 13-1317, 2015 U.S. Dist. LEXIS 119199 at *1, 4 (W.D. Pa. Sept. 8, 2015)(noting that further allowing amendment where plaintiff had opportunities to cure but failed to do so "unduly prejudices Defendants and is a drain on judicial resources"). Therefore, the Court should dismiss Plaintiffs' Second Amended Complaint with prejudice as to Deloitte.

## **CONCLUSION**

For the foregoing reasons, and those stated in Deloitte's prior motion to dismiss, Deloitte respectfully requests that the Court grant its Motion to Dismiss with prejudice all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

    Respectfully submitted,

    _____
    Mark A. Berman, Esq.
    **HARTMANN DOHERTY ROSA**
    **BERMAN & BULBULIA, LLC**
    65 Route 4 East
    River Edge, NJ 07661
    (201) 441-9056
    mberman@hdrbb.com

    - and -

    Sean Hecker, Esq. (appearing *pro hac vice*)
    David Sarratt, Esq. (appearing *pro hac vice*)
    **DEBEVOISE & PLIMPTON LLP**
    919 Third Avenue
    New York, NY
    (212) 909-6000
    shecker@debevoise.com
    dsarratt@debevoise.com

    *Attorneys for Defendant*
    *Deloitte LLP*

Dated : September 12, 2016